# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VICTOR MANUEL TAGLE,

    Petitioner,

vs.

WARDEN NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00214-GMN-PAL

**ORDER**

Petitioner has submitted an application to proceed *in forma pauperis* (ECF No. 1) and a petition for a writ of habeas corpus. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition. Petitioner will need to submit an amended petition on the correct form and show cause why the court should not dismiss this action for failure to exhaust available state-court remedies.

Petitioner is a prisoner in the custody of the Nevada Department of Corrections, pursuant to a judgment of conviction of a state court. He alleges that, in a prison disciplinary proceeding, he was found guilty of violating the prison regulation regarding service of summons. He was sanctioned with 1,080 days in segregation and a forfeiture of 180 days of credit toward an earlier release from prison, among other punishments.

The petition is on the incorrect form. Petitioner has used the form for a petition pursuant to 28 U.S.C. § 2241. However, petitioner is in custody because of a judgment of conviction of a state court. The governing provision is 28 U.S.C. § 2254, even if petitioner is not challenging the validity of the judgment of conviction. Petitioner will need to file an amended petition on the correct form, because that form has more detailed questions regarding the exhaustion of state-court remedies.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan*

*v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

From what the court can determine from the current petition, petitioner does not seem to have exhausted his available state-court remedies. In response to one question on the form, petitioner states that he presented the issues in this petition to the state district court, and that court denied relief on January 23, 2015. Petitioner does not allege whether he has appealed that decision. Unless petitioner has presented his claims to the Nevada Supreme Court, this court cannot grant him any relief.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

**IT IS FURTHER ORDERED** that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have **thirty (30) days** from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that petitioner shall **clearly title the amended petition** as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 2:15-cv-00214-GMN-PAL, above the word "AMENDED."

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date that this order is entered to show cause why the court should not dismiss this action for failure to exhaust available state-court remedies. Failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the clerk shall add Adam Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within **twenty (20) days** of entry of this order, but no further response shall be required from respondents until further order of the court.

**DATED** this 17th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court