# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VICTOR MANUEL TAGLE,

    Petitioner,

vs.

WARDEN NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00214-GMN-PAL

**ORDER**

    Petitioner has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#5). The court has reviewed the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    When petitioner commenced this action he was challenging the validity of prison disciplinary proceedings that, among other punishments, cost him 180 days of credit toward an earlier release. Petition (#3). After reviewing the petition, the court noted two defects and directed petitioner to do two things. First, he had used the form for a petition pursuant to 28 U.S.C. § 2241, and needed to file the petition using the form for a petition pursuant to 28 U.S.C. § 2254. Second, petitioner apparently had not exhausted his available remedies in the state courts, and petitioner needed to show cause why the court should not dismiss the action for a failure to exhaust.

    The amended petition (#5) is on the correct form, but petitioner has changed the subject matter of the action completely. The allegations of prison discipline have disappeared. Petitioner now is challenging the validity of his judgment of conviction of the Eighth Judicial District Court of

the State of Nevada. See State v. Tagle, No. C-11-276096-1.[1] The question of exhaustion now is moot because petitioner has dropped the prison discipline claims. However, the change in allegations has made this action untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=9038462. All citations to web sites occurred on October 2, 2015.

prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).  Actual innocence can excuse operation of the statute of limitations.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."  Id. at 624.  The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court.  Patterson, 251 F.3d at 1245 n.2.

The court can raise the issue of timeliness on its own motion.  Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

The state district court entered the judgment of conviction on January 19, 2012.  Petitioner did not appeal, and the judgment became final with the expiration of the time to appeal on February 18, 2012.  See Nev. R. App. P. 4(b)(1).  On July 19, 2012, petitioner filed his first post-conviction habeas corpus petition in state district court, one hundred fifty-two days after the judgment of conviction had become final.  The petition was denied.  Petitioner appealed.  The Nevada Supreme Court affirmed on July 23, 2013.  Remittitur issued on August 20, 2013.  Tagle v. State, No. 62145.[2]

While the first post-conviction petition was pending in the state courts, on October 24, 2012, petitioner filed a habeas corpus petition in the Nevada Supreme Court, invoking that court's original jurisdiction.  The Nevada Supreme Court denied the petition and issued a notice in lieu of remittitur on December 3, 2012.  Tagle v. State, No. 61974.[3]

On December 12, 2014, petitioner filed a petition for a writ of mandamus in the Nevada Supreme Court.  That court denied the petition on January 15, 2015, stating that petitioner was trying to challenge the judgment of conviction and that a habeas corpus petition is the proper

---

[2]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30319.

[3]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30147.

method for seeking relief. A notice in lieu of remittitur issued on February 11, 2015. Tagle v. District Court, No. 67047.[4]

Petitioner filed his second post-conviction habeas corpus petition in state district court on June 5, 2014. The petition was denied. Petitioner appealed. On April 14, 2015, the Nevada Court of Appeals affirmed, noting that the petition was untimely under Nev. Rev. Stat. § 34.726(1). Remittitur issued on May 11, 2015. Tagle v. State, No. 67179.[5]

Petitioner filed his third post-conviction habeas corpus petition in state district court on January 28, 2015. The petition was denied. Petitioner appealed. On September 16, 2015, the Nevada Court of Appeals affirmed, noting that the petition was untimely under Nev. Rev. Stat. § 34.726(1). Remittitur has not issued as of October 2, 2015. Tagle v. State, No. 67179.[6]

In addition to the current action, petitioner has filed four habeas corpus petitions in this court that challenge the same judgment of conviction. Their case numbers are 2:13-cv-01832-JCM-CWH, 3:13-cv-00264-MMD-VPC, 3:13-cv-00266-RCJ-VPC, and 3:13-cv-00318-HDM-WGC. All four actions have been dismissed.

The petition is untimely. One hundred fifty-two days passed between the finality of the judgment of conviction and the filing of petitioner's first state post-conviction habeas corpus petition. The one-year period was tolled under 28 U.S.C. § 2244(d)(2) while this state post-conviction proceeding was pending. Petitioner's habeas corpus petition filed directly with the Nevada Supreme Court also might have been eligible for tolling, but it was pending at the same time as the first state post-conviction habeas corpus petition was pending. The one-year period resumed after August 20, 2013, when the Nevada Supreme Court issued its remittitur in the first state post-conviction proceedings. Petitioner's federal habeas corpus petitions filed in this court were not eligible to toll the one-year period under § 2244(d)(2). Walker, 533 U.S. at 181-82. Petitioner had two hundred thirteen days remaining in the one-year period after the conclusion of the first state

---

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35248.

[5] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35380.

[6] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35380.

post-conviction habeas corpus petition.  Petitioner had no properly filed post-conviction proceedings pending during that time, and the one-year period expired at the end of March 21, 2014.

The petitions that petitioner filed in state court after March 21, 2014, do not toll the one-year period for two reasons.  First, a state post-conviction petition does not toll section 2244(d)(1)'s period of limitations when the period has already expired.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Second, the post-conviction habeas corpus petitions filed after March 21, 2014, were untimely, and untimely state petitions are not eligible for tolling.  Pace, 544 U.S. at 417.

IT IS THEREFORE ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file and serve a showing of cause why the court should not dismiss this action as untimely.  Failure to comply with this order will result in the dismissal of this action.

DATED: October 5, 2015

_____
Gloria M. Navarro, Chief Judge
United States District Court